IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Kevin Dearing Rodgers, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 9:18-cv-00323-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Deputy Brooks, Deputy Tool, Corporal Doolittle, Lieutenant Hettich, Nurse NFN Brandy, Lieutenant Carlan, and Corporal Buggs, | ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on February 26, 2019 (ECF No. 37). The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **GRANTS** Defendants Deputy Brooks, Deputy Tool, Corporal Doolittle, Lieutenant Hettich, Nurse NFN Brandy, Lieutenant Carlan, and Corporal Buggs' (collectively, "Defendants") Motions for Summary Judgment (ECF Nos. 28, 29) and **DISMISSES** Plaintiff Kevin Dearing Rodger's Complaint (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 37 at 1–13.) As brief background, on February 5, 2018, Plaintiff, proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action alleging that while in detention at the Aiken County Detention Center, he was physically assaulted and Defendants failed to protect him and provide him adequate medical care following the assault. (ECF No. 1 at 6–13.) Plaintiff asserts Defendants' actions, and lack thereof, were negligent and

violated his constitutional rights. (*Id.* at 7.) On October 1, 2018, Defendants filed Motions for Summary Judgment. (ECF Nos. 27, 28.) On October 2, 2018, the Magistrate Judge entered a *Roseboro*[1] order—which was mailed the same day—advising Plaintiff of the summary judgment procedures and the consequences of failing to adequately respond. (ECF No. 29.) On October 12, 2018, Plaintiff informed the court of a change in his address. (ECF No. 31.) On October 19, 2018, the court re-mailed its *Roseboro* order to Plaintiff. (ECF No. 32.) On October 26 and November 2, 2018, Plaintiff filed Responses to Defendants' Motions for Summary Judgment. (ECF Nos. 33, 35.)

The Magistrate Judge entered her Report on February 26, 2019. (ECF No. 37.) The Magistrate Judge first found Plaintiff's failure to protect claim was without merit because

> Plaintiff . . . presented no evidence to show that . . . any [of the] Defendant[s] knew that either [of Plaintiff's assailants] posed a danger to him, or that Plaintiff himself even knew of or perceived of any such danger (indeed, the evidence shows that Plaintiff was playing cards with [one of the assailants] before he was attacked). The evidence further shows that following the attack, Plaintiff himself submitted a non-prosecution request, stating that the whole thing had been a "misunderstanding". Moreover, . . . Defendants all attest (and Plaintiff has provided no evidence to show to the contrary) that they had no personal knowledge or information that either [of the assailants] was a risk to the Plaintiff (or anyone else), or were going to assault the Plaintiff.

(*Id.* at 14.) As to Plaintiff's medical claims, the Magistrate Judge found

> Defendants have submitted medical documents and testimonial evidence (including from medical professionals) showing that Plaintiff was regularly seen and evaluated by medical personnel for his complaints, and which refute Plaintiff's claims. . . . Since the evidence before the [c]ourt is insufficient to raise a genuine issue of fact as to whether any named Defendant was "deliberately indifferent" to Plaintiff's serious medical needs, the standard for a constitutional claim, Plaintiff's federal § 1983 medical claim should be dismissed.

---

[1] In *Roseboro v. Garrison*, the United States Court of Appeals for the Fourth Circuit held that district courts are required to provide pro se litigants with an explanation of summary judgment procedures. 528 F.2d 309, 310 (4th Cir. 1975).

(*Id.* at 17.) The Magistrate Judge also found that "[n]egligence is not a viable claim under § 1983." (*Id.* at 3 n.5 (citing *Daniels v. Williams*, 474 U.S. 327, 335–36 n. 3 (1986); *Harrison v. Sumter Cty. Sheriff's Dep't*, No. 17-3442, 2018 WL 1225108, at * 1 (D.S.C. Mar. 7, 2018)).) Accordingly, the Magistrate Judge recommends granting Defendants' Motions for Summary Judgment and dismissing this case. (*Id.* at 18.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court engages in a de novo review of those portions of the Report and Recommendation to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

On February 26, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file objections by March 12, 2019. (ECF No. 37 at 19.) On February 26, 2019, the Report was mailed to Plaintiff at the updated address Plaintiff provided the court on October 19, 2018. (ECF Nos. 38, 39.) The Report was returned as undeliverable on March 14, 2019. (ECF No. 39.) The Clerk of Court for the United States District Court for the District of South Carolina searched the South Carolina Department of Corrections Inmate Locator to determine Plaintiff's location and found he was no longer in custody. At the beginning of this litigation, on March 7, 2018, the court entered an order directing Plaintiff to advise the Clerk of Court, in writing, "if [his]

3

address change[d] for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you." (ECF No. 8 at 3.) Thus, apparently, Plaintiff has failed to provide the court with a correct address.[2] Neither of the parties filed any objections to the Report by March 12, 2019. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendations without modification. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent objections, the court must only ensure that there is no clear error on the face of the record in order to accept the recommendations. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). If a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the court's decision concerning the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Accordingly, since none of the parties filed any objections to the Report, and the court observes no clear error on the face of the record, the court accepts the Magistrate Judge's Report. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case. The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 37) and incorporates it herein by reference. For the reasons set out in the Report, the court **GRANTS** Defendants' Motions for Summary Judgment (ECF Nos. 27, 28).

**IT IS SO ORDERED.**

---

[2] Not only was Plaintiff aware of this obligation, his actions show he understood it, as he previously informed the court that his address changed on October 12, 2018. (ECF No. 31.)

_J. Michelle Childs_
United States District Judge

April 17, 2019
Columbia, South Carolina